RACHEL LUNGER, Respondent, *v*. NEW YORK LIFE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, December 22, 1927.

Insurance — life insurance — action to recover on life insurance policy containing two-year incontestability clause — plaintiff recovered on ground policy was incontestable — case tried on theory that policy was contestable — new trial granted in interests of justice.

Defendant insurance company is entitled to a new trial in the interests of justice in this action to recover the proceeds of a life insurance policy containing a two-year incontestability clause, where it appears that there has been a recovery on the ground that the policy was incontestable — the action having been begun after a period of two years — although the case was tried on the theory that it was contestable, predicated on the conceded fact that a contest had been properly instituted within the two-year period in the Supreme Court.

LEVY, J., dissents.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, First District, in favor of the plaintiff, and from an order denying defendant's motion for a new trial on the ground of newly-discovered evidence.

*Louis H. Cooke* [*Robert M. Field* of counsel], for the appellant.

*Breitbart & Breitbart* [*Bernard Breitbart* of counsel], for the respondent.

PER CURIAM.  Plaintiff has recovered on a policy of life insurance which contains the now fairly common clause that the policy shall be " incontestable after two years from its date of issue except for nonpayment of premium," etc.  By a strange series of errors and misunderstandings this case was tried below clearly on the theory that the policy was contestable, and although the suit had been begun and the defense of breach of conditions or warranty interposed after the lapse of the two years, defendant's proofs assailing the validity of the policy were admitted without the slighest objection or any suggestion of opposition, nor was the attention of the learned judge below called to the fact that defendant had within the period in which contest was permitted actually instituted a suit in the Supreme Court to invalidate the policy on the grounds named.  When the matter, therefore, came to be submitted to the trial judge for his decision, finding that the action before him had been begun after the period of two years, he decided in favor of the plaintiff, writing an opinion to the effect that the policy was incontestable, and citing the now well-known authorities on that subject, including *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (263 U. S. 167).  We have thus the grotesque result that there has been a recovery on a policy on the ground that it is incontestable, although the case was tried on the theory that it was contestable, and that that theory was based on the conceded fact — a matter of record in the Supreme Court — that a contest had been properly instituted within the time limited therefor.  Under such circumstances there are innumerable precedents which require a reversal, apart from the fact that the interests of justice demand it.

Judgment reversed and a new trial granted, without costs to either party, and appeal from order dismissed.

BIJUR and CRAIN, JJ., concur; LEVY, J., dissents.